UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Victor Sanchez Garcia, | ) | C/A No. 5:16-cv-02570-HMH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| B. J. Meeks, | ) | |
| | ) | |
| Respondent. | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual Background

Victor Sanchez Garcia ("Petitioner") is a federal prisoner, currently incarcerated at FCI-Williamsburg, in Salters, South Carolina. In the § 2241 Petition under review, Petitioner asserts that the Federal Bureau of Prisons ("BOP") has miscalculated his sentence because it failed to give him credit for a 51-month sentence entered by the Western District of Washington. Pet. 2, 8-9, ECF No. 1. Petitioner asks this court to order the BOP to grant him credit for "the 51 months in the concurrent sentence." *Id*. at 10.

Although Petition does not refer to it, *see id*. at 5 (no reference to the previous case despite question requiring information on prior cases), the undersigned's review of this court's docket discloses that Petitioner has previously fully, but unsuccessfully, litigated a § 2241

petition challenging his sentence calculation on virtually the same basis. In *Garcia v. Warden*, *FCI-Williamsburg*, No. 5:15-cv-01127-HMH (D.S.C.), the court found Petitioner was not entitled to additional sentence credits for the 51-month sentence because that sentence had already been completed before Petitioner began serving his current sentences. The court also held that the BOP's sentencing authority did not violate that Separation of Powers Doctrine. *See* No. 5:15-cv-01127-HMH, ECF No. 24 at 9-10 (report and recommendation adopted in its entirety). That case was concluded on February 8, 2016 with District Judge Herlong's denial of Petitioner's motion for reconsideration. Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1

(4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). It has been held that the issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010). Under 28 U.S.C. § 2244(a), this court is "not required to entertain an application for a writ of habeas corpus to inquire into the detention of [a federal prisoner] if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section § 2255." Other courts have held that § 2241 petitions involving sentence calculation claims may be dismissed for successiveness and abuse of the writ. *See, e.g., Queen v. Miner,* 530 F.3d 253, 255 (3d Cir. 2008) ("Section 2244(a) bars second or successive challenges to the

3

legality of a detention pursuant to 28 U.S.C. § 2241, including those § 2241 petitions which challenge the execution of a federal sentence."); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (noting that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (dismissing pursuant to § 2244(a) jail-credit claim brought in earlier § 2241 petition); *see also Perry v. Warden Fort Dix FCI*, 609 F. App'x 725,726-27 (3d Cir. 2015) (affirming dismissal of § 2241 asserting sentencing calculation error for the second time as an abuse of the writ); *Cunningham v. O'Brien*, No. 7:09CV00423, 2009 WL 3415213, at *1-2 (W.D. Va. Oct. 22, 2009) (dismissing as successive a § 2241 petition addressing sentence calculations). Also, the Eastern District of North Carolina has held that "[t]he abuse of the writ doctrine mandates dismissal of claims presented in habeas petitions if the claims were raised, or could have been raised in an earlier petition." *Hilton v. Johns*, No. 5:11-HC-2098-BO, 2012 WL 3000429, at *2 (E.D.N.C. July 23, 2012) (footnote omitted) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991); *Noble v. Barnett*, 24 F.3d 582, 585 (4th Cir. 1994); *Mendez v. United States*, No. 04-HC-90-FL, 2004 WL 3327911, *2 n.1 (E.D.N.C. 2004), *aff'd*, 126 F. App'x. 148 (4th Cir. 2005)); *see also Anderson v. Lappin*, No. 5:09-HC-2071-BO, 2010 WL 3063235, at * 1 (E.D.N.C. Aug. 4, 2010).

Here, a full review of his filings and this court's docket discloses that Petitioner continues to assert a sentence-calculation challenge that was already the subject of a § 2241 petition considered on the merits by this court in *Garcia v. Warden FCI-Williamsburg*, No. 5:15-cv-1127-HMH. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"). Because Petitioner could have raised the arguments he makes in the present Petition

4

in his prior § 2241 action, the Petition submitted in this case is successive and an abuse of the writ. Summary dismissal is appropriate.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

July 29, 2016                                                                              Kaymani D. West
Florence, South Carolina                                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5